(No. 38815.—

C. R. WINN DRILLING COMPANY, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.,*—(EDWIN D. ROSS, Appellee.)

*Opinion filed January 21, 1965.*

THOMAS Q. KEEFE, of East St. Louis, for appellant.

HANAGAN & DOUSMAN, of Mt. Vernon, for appellee.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

This appeal from the circuit court of Marion County pursuant to our Rule 28—1 (28 Ill.2d xxviii) presents a workmen's compensation case for review.

In an accident admittedly arising out of and in the course of his employment as a driller's helper Edwin D. Ross was injured by a falling piece of steel, sustaining fractures of the transverse process of the first, second, third, fourth and fifth lumbar vertebrae. The arbitrator allowed 12⁴⁄₇ weeks of temporary total disability compensation at $45 per week and a further sum of $45 per week for 23½ weeks for 10% permanent loss of the use of the right arm. On review by the Commission the award was confirmed. Both parties sought *certiorari* from the circuit court which subsequently affirmed as to the 12⁴⁄₇ weeks temporary total disability compensation, but reversed the award for loss of use of the arm. It added, however, a specific award for 60 weeks compensation at $45 per week under section 8(d) of the Workmen's Compensation Act. Ill. Rev. Stat., 1963, chap. 48, par. 138.8.

The injury occurred on May 23, 1961. The employee was discharged from the hospital on June 10, and concededly commenced doing light farm work on July 1. The treating doctor stated he did not discharge the employee until September 19. Appellant argues that since the employee was able to commence light farm work on July 1, 1961, any award for further temporary total disability thereafter is contrary to law and against the manifest weight of the evidence. We do not agree. As is stated in II Angerstein, Illinois Workman's Compensation, par. 1487: "Total temporary is used to distinguish or differentiate from permanent total or permanent partial disability. It is also well described as the healing period * * *. It usually is considered to terminate at the time the attending physician discharges the employee as cured, or as having recovered as

far as possible from the effects of the injury." Also, "Temporary disability exists from the time of the injury until the employee is as far restored as the permanent character of his injury will permit. It is easy to determine when the period begins but it is not always possible to determine with mathematical exactness when it ends." *Shell Oil Co.* v. *Industrial Com.* 2 Ill.2d 590, 599.

An examination of the entire record convinces us the finding of the arbitrator, Commission and circuit court that temporary total disability continued to August 18, which was subsequent to the employee's return to light farm work and prior to his discharge by the treating physician, was not against the manifest weight of the evidence, since the light farm work could be considered as of a therapeutic nature.

The substantial question presented for review is as to whether a fracture of the transverse process of a vertebra constitutes a fracture of the "body" of the vertebra within the meaning of section 8(d) of the Workmen's Compensation Act (Ill. Rev. Stat. 1963, chap. 48, par. 138.8(d)), which provides: "* * * when an accidental injury has been sustained which results in a fracture or fractures of the body or bodies of one or more vertebrae, compensation shall be allowed for an aggregate period of 60 weeks in addition to compensation for temporary total disability."

Appellant argues that the words "body or bodies" in the quoted statute refer to particular separable parts of the vertebrae, and that the trial court manifestly erred when, in awarding compensation, it expressly found "that it was the intent of the legislature to provide compensation for all fractures to the principal portion or main body of the various vertebrae, and that the spinous processes and transverse processes of the lumbar vertebrae are within the meaning and intent of the legislature when it used the words 'body or bodies' of one or more vertebrae in section 8(d) of the Workmen's Compensation Act."

Appellee, however, contends that since the legislative intent is not clear, the statute must be liberally construed in furtherance of the humanitarian purpose of the Workmen's Compensation Act. (See *City of West Frankfort* v. *Industrial Com.* 406 Ill. 452; *Lambert* v. *Industrial Com.* 411 Ill. 593.

The medical testimony established that a lumbar vertebra is a bony structure, various portions of which are medically termed "transverse process" "spinous process," "laminae", etc., the "body" seemingly referring to the main segment of which the others, specifically the transverse processes, are protruding portions, one on each side. The transverse processes and body are, however, all part of one solid, bony structure with, so far as this record indicates, no separation whatsoever. Nor does the medical testimony indicate what, if any, distinction exists between the effect of a fracture of the transverse process and a fracture occurring elsewhere in the vertebra. In this connection it is noteworthy that the treating physician in his report states "There was a fracture of the spinal processes *of the body* of the vertebrae" (emphasis ours), and that the employer's medical witness agreed that a "process" meant anything that protrudes "from the remainder of the body."

It likewise seems relevant to the question of the existence of an ambiguity that the briefs of the parties advise us the Industrial Commission and the circuit courts have consistently reached opposite conclusions as to the scope of the term "body" as used in the act. Nor is the uncertainty lessened by the fact that section 8(d) itself uses the term "body or bodies" only twice in referring to the vertebrae, the other references thereto in this section being "fractured vertebra" and "such vertebral injury." Also the first proviso of 8(d) states "* * * the surgical removal *of a part of a vertebrae* * * * shall not constitute a fractured vertebra within the meaning of this paragraph." (Emphasis ours).

It is also of interest that we denied a writ of error to review a similar award for a similar injury in *Industrial Commission, (Ray Brothers Drilling Company)* v. *Beckman,* No. 37062 in 1962, 23 Ill.2d 623.

An additional factor weighing against appellant's contention as to legislative intent is that no other provision of the Workmen's Compensation Act makes specific awards for the fractures of other "technically defined" portions of the vertebrae. Whether this results from the legislative belief that the language of section 8 is sufficiently broad to encompass fractures such as the one before us, or the belief that only fractures of the portion medically known as the "body" should be compensated is the essence of the problem presented.

The totality of these factors persuades us of the existence of an ambiguity which must be resolved as the circuit court has ordered. Its judgment is therefore affirmed.

*Judgment affirmed.*