(No. 43364.—

BOYER-ROSENE MOVING SERVICE, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(GILBERT ROBINSON, Appellee.)

*Opinion filed April 1, 1971.*

KEEFE & DE PAULI, of East St. Louis, for appellant.

MEYER AND MEYER, of Belleville, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This case involves the construction of section 8(d) of the Workmen's Compensation Act, which was amended in 1965 to provide compensation for the removal of a lung. Ill. Rev. Stat. 1965, ch. 48, par. 138.8(d).

Gilbert Robinson, a long distance truck driver hauling furniture, was injured on September 20, 1965, in Little Rock, Arkansas, when a refrigerator he was loading onto his truck with a helper fell against his chest, pinning him against the side of the vehicle. At the time of the injury he was approximately 47 years of age, married, and had three children under 18. Robinson continued on the job until he was admitted to a hospital in Covina, California, on October 1, 1965. An X ray showed that approximately 60% of his

right lung had collapsed. Other measures failed, and two of the three segments of the upper lobe of that lung were removed. All necessary first aid, medical, surgical and hospital services were provided by his employer, and he has received compensation for the period of 19 weeks during which he was incapacitated.

The only question in dispute is whether Robinson is entitled to 60 weeks compensation under section 8(d) which, after providing for payments for partial permanent disability, continues: "If no compensation is awarded under the foregoing provisions of this paragraph, and when an accidental injury has been sustained which results in the removal of a kidney, spleen or lung, or a fracture or fractures of the body or bodies of one or more vertebrae, compensation shall be allowed for an aggregate period of 60 weeks in addition to compensation for temporary total disability, such compensation to be in lieu of all compensation specified hereinbefore by this paragraph." The arbitrator awarded 60 weeks compensation "for the reason that the injury sustained caused the removal of the right lung * * *." Both the Commission and the circuit court of St. Clair County affirmed, and the employer, Boyer-Rosene Moving Service, has appealed.

The right lung consists of three lobes, and since it is undisputed that only two segments of the upper lobe of the right lung were removed, and not the entire right lung, the employer contends that no compensation should have been awarded under the quoted provision of the statute. The argument is that the Industrial Commission and the circuit court erroneously "found that the removal of a part of a lung is identical with the provision of the statute requiring a payment of 60 weeks compensation for 'removal of a lung.'" In the employer's view the statute is plain and unambiguous, and there is no room for construction. The employee, on the other hand, contends that the General Assembly can hardly have intended a construction which would mean that no compensation should be awarded even though

90% of the lung was removed, so long as any part remained.

There is no legislative history to assist us in determining the intention of the legislature, and we know of no precedents that are of very significant assistance. An easy solution would be to say, as the employer would have us say, that "a lung" does not mean "a part of a lung." But such a literal construction would mean that no compensation would be awarded so long as part of the lung remained, even though what remained performed no useful function whatever. It is unlikely that the legislature intended that result. On the other hand, we agree with the employer that the legislature did not intend that the "slightest loss of lung tissue either through biopsy or perhaps the puncturing of the lung by a rib fracture" would qualify as removal of a lung.

In the absence of any specific legislative indication, the issue must be resolved, we think, in the light of generalized considerations as to the purpose of the Act and the relation of this new provision to the remainder of the statute. This court has consistently stated that "The Workmen's Compensation Act is a humane law of remedial nature, and wherever construction is permissible its language is to be liberally construed to effect its purpose, which is that the burdens of caring for the casualties of industry should be borne by industry and not by the individuals whose misfortune arises out of the industry, nor by the public, and every injury sustained in the course of an employee's employment which causes a loss to the employee should be compensable." *Hoeffken Brothers, Inc.* v. *Industrial Com.* (1964), 31 Ill.2d 405, 407-08; accord, *Clark Co.* v. *Industrial Com.* (1920), 291 Ill. 561, 567; *Lincoln Park Coal Co.* v. *Industrial Com.* (1925), 317 Ill. 302, 307; *Shell Oil Co.* v. *Industrial Com.* (1954), 2 Ill.2d 590, 596; *Winn Drilling Co.* v. *Industrial Com.* (1965), 32 Ill.2d 144, 147.

The amount to be awarded in the case of loss of a kidney, spleen, or lung, or in the case of a fracture of one or more vertebrae is not predicated upon a loss of earning

power. Rather the provision appears to be based upon a recognition of the desirability of awarding compensation for specified consequences of accidental injuries, even though there is no present loss of earning power. That the legislature did not intend to measure those consequences with precise accuracy is apparent from the fact that the same amount is to be awarded whether one or several vertebrae are fractured.

In the present case, a doctor retained by the employer examined him on December 1, 1966, and performed four pulmonary function tests which indicated that Robinson's right lung was functioning at 84-94% of its predicted efficiency and capacity. Moreover, a doctor retained by the employee concluded that the removal resulted in a "20% permanent disability as based on the whole man," and the parties have stipulated that Robinson has had recurrent physical complaints.

In these circumstances, which involve the removal of a substantial part of the lung with resulting permanent impairment of its function, we believe that compensation was properly awarded under the provision of section 8(d).

The judgment of the circuit court of St. Clair County is affirmed.

*Judgment affirmed.*