Glen THOMAS, Petitioner-Appellant,

v.

WILLIAM KNUDSON & SON, INC., Employer, and Aetna Casualty & Surety Company, a/k/a Aetna Life & Casualty, Insurance Carrier, Respondents-Appellees,

and Robert C. Landess, Iowa Industrial Commissioner, Respondent.

No. 83–778.

Court of Appeals of Iowa.

March 20, 1984.

Frank T. Harrison, Hopkins & Huebner, Des Moines, for petitioner-appellant.

Lorraine J. May, Duncan, Jones, Riley & Finley, Des Moines, for respondents-appellees.

Heard by SCHLEGEL, P.J., and HAYDEN and SACKETT, JJ.

SACKETT, Judge.

Glen Thomas appeals from the district court decision on judicial review affirming the review-reopening decision of the industrial commissioner in a workers' compensation case. Thomas asserts that the district court improperly applied an erroneous legal test to determine the end of Thomas' healing period.

Thomas was a bricklayer at the time he was injured. It is undisputed that he was injured in the course of his employment and that he cannot return to work as a bricklayer.

Iowa Code section 85.34(1), in effect at the time of the claimant's injury, coupled with the industrial commissioner's Rule 500–8.3(85) in effect at the time, provided that the healing period shall continue until one of three things happens:

1. When the employee returns to the job;

2. When medical evidence indicates that the employee is capable of returning to substantially similar work; or

3. When competent medical evidence indicates that no further improvement is anticipated from the injury.[1]

We are concerned here only with the third variable.

Thomas' treating physician, Dr. William Boulden, M.D., made a determination that Thomas got as good as he was going to get in December of 1980. Thomas made little or no improvement after May of 1980.

Dr. Boulden testified with reference to his determination as follows:

In trying to clear this out and clarify it, the way I usually handle them is that it's about a one year's time. So I would say that in according to what we were progressing along, I would say in Decem- ber of 1980 that he got as good as he was going to get. *In retrospect, I could have said May of 1980, but I didn't know that in May of 1980.* [emphasis supplied]

Dr. Boulden's testimony was the only medical evidence on the healing period issue.

The deputy industrial commissioner made a finding that Thomas was entitled to healing period benefits through December 31, 1980. The deputy's decision was appealed to the industrial commissioner who found:

(6) that claimant's physical condition did not improve after May 1980.

(7) that medical evidence indicates claimant reached his maximum medical recovery in May 1980.

The commissioner thus determined that Thomas' healing period should be reduced and therefore ruled that the healing period terminated in May of 1980. Thomas filed a petition for judicial review with the district court, which affirmed the Industrial Commissioner's decision.

The issue here is an extremely close question. It has been ably presented to us in authoritative and well-reasoned briefs.

▪ Thomas contends that the issue before us is a question of law. Determination of questions of law by the commissioner, though entitled to careful consideration, are not conclusive being subject to review on appeal. *Hoenig v. Mason and Hanger, Inc.*, 162 N.W.2d 188, 190 (Iowa 1968). The employer claims, on the other hand, that the issue is a question of fact and that this court is bound by the factual determinations of the commissioner.

▪ As we said in *Armstrong Tire & Rubber Co. v. Kubli*, 312 N.W.2d 60, 63

---

1. This statute has now been amended and the rule has been repealed. The successor statute, Iowa Code section 85.34(1), provides:

    1. *Healing period.* If an employee has suffered a personal injury causing permanent partial disability for which compensation is payable as provided in subsection 2 of this section, the employer shall pay to the employee compensation for a healing period, as pro- vided in section 85.37, beginning on the date of injury, and until the employee has returned to work or it is medically indicated that significant improvement from the injury is not anticipated or until the employee is medically capable of returning to employment substantially similar to the employment in which the employee was engaged at the time of injury, whichever occurs first.

(Iowa Ct.App.1981), our scope of review is not de novo. Our duty is to correct errors of law made by the district court. We are bound by the commissioner's fact findings if they are supported by substantial evidence in the record made before the agency. If a jury issue is presented, were the case tried to a jury, the commissioner's findings stand. *Id.* The supreme court has uniformly and repeatedly held that the courts cannot interfere with the fact-finding prerogatives of the commissioner, nor with his findings of fact when there is supporting evidence and he acts within his powers and without fraud. *Tebbs v. Denmark Light & Telephone Corp.*, 230 Iowa 1173, 1179, 300 N.W. 328, 330 (1941).

In *Catalfo v. Firestone Tire and Rubber Co.*, 213 N.W.2d 506, 509 (Iowa 1973), the supreme court said:

> [T]he industrial commissioner is the fact finder in workmen's compensation cases.... and we may not interfere with such findings where there is a conflict in the evidence or when reasonable minds may disagree as to the inferences to be drawn from the evidence whether disputed or not. [citation] Nevertheless, we said "this does not mean the fact finder may arbitrarily or totally reject the offered testimony, simply that he has the duty to weigh it and determine its credibility."

■ Our compensation law is for the working person's benefit and should be liberally construed to that end. *Hoenig v. Mason & Hanger, Inc.*, 162 N.W.2d 188, 190 (Iowa 1968). The primary purpose of the workers' compensation statute is to benefit the worker, insofar as statutory requirements permit. *McSpadden v. Big Ben Coal Co.*, 288 N.W.2d 181, 188 (Iowa 1980); *Wetzel v. Wilson*, 276 N.W.2d 410, 412 (Iowa 1979).

■ In keeping with the humanitarian objectives of the worker's compensation statute, we apply it broadly and liberally. The legislation is primarily for the benefit of the worker and the worker's dependants. Its beneficial purpose is not to be defeated by reading something into it which is not there, or by a strained and narrow construction. *Cedar Rapids Community School v. Cady*, 278 N.W.2d 298, 299 (Iowa 1979); *Disbrow v. Deering Implement Co.*, 233 Iowa 380, 392, 9 N.W.2d 378, 384 (1943).

■ It is only at the point at which a disability can be determined that the disability award can be made. Until such time, healing benefits are awarded the injured worker. The evidence presented by Dr. Boulden clearly indicates that he could make no determination as to the end of the healing period until December of 1980. There is no medical evidence from which the commissioner could find or infer that a determination could have been made in May that no further improvement *was anticipated*, nor is there any evidence that the doctor did or could determine in May that no further improvement would be made.

■ Where, as here, the facts are not in dispute and different inferences could not reasonably be drawn therefrom, it becomes a question of law and the court is not bound by the commissioner's finding or conclusions. *Bodish v. Fischer, Inc.*, 257 Iowa 516, 519, 133 N.W.2d 867, 868 (1965).

Because we find that the only inference to be drawn from the medical testimony herein is that the healing period did not terminate until December of 1980, we reverse the decision of the trial court and direct that healing period benefits be paid through December of 1980.

REVERSED.