**Milton DICKENSON,
Petitioner-Appellant,**

v.

**JOHN DEERE PRODUCTS ENGINEER-
ING, Respondent-Appellee.**

No. 85–1592.

Court of Appeals of Iowa.

June 25, 1986.

Robert D. Fulton, of Fulton, Frerichs, Martin & Andres, P.C., Waterloo, for petitioner-appellant.

John W. Rathert, of Beecher, Beecher, Holmes & Rathert, Waterloo, for respondent-appellee.

Heard by SNELL, P.J., and HAYDEN and SACKETT, JJ.

SACKETT, Justice.

Petitioner Milton Dickenson appeals from the district court decision on judicial review affirming the review-reopening decision of the industrial commissioner decision in a workers' compensation case. The industrial commissioner ordered, in part, that interest payments on petitioner's permanent partial disability award begin on the date of the decision of the deputy industrial commissioner.

Dickenson contends the industrial commissioner and district court applied an erroneous legal test to determine when the interest payments in his disability award begin. Dickenson contends under Iowa Code § 85.34 (1985) the interest payments should begin at the termination of the healing period, January 30, 1981. Alternatively Dickenson contends the interest payments should begin on the date when respondent employer John Deere Products Engineering was allegedly aware or should have been aware of petitioner's permanent disability. We modify the district court to provide that Dickenson's interest payments begin on August 19, 1982, the date he commenced this action for review-reopening.

On January 20, 1981, Dickenson suffered a lung injury when he was exposed to ammonia fumes while in his course of employment with John Deere. Dickenson was hospitalized and was paid nine days of healing benefits. On January 31, 1981, healing benefits terminated when Dickenson was released to return to work.

From January 31, 1981, until August 19, 1982, when Dickenson filed a petition for review-reopening, he complained of various physical problems which he said developed after his exposure to the ammonia fumes. These symptoms included severe headaches, chest pains, dizziness, shortness of breath, inability to resume running and exhaustion after minimal physical activity. During this same time Dickenson was examined by cardio-pulmonary specialists, a neurologist, an ear-nose-throat specialist and the John Deere medical department. Each physician reached a different evaluation about the extent of Dickenson's functional disability.

On August 19, 1982, Dickenson filed a petition for review-reopening to recover additional benefits. On December 19, 1983, the deputy industrial commissioner determined Dickenson had an industrial disability of 60 percent to the body as a whole. In a nunc pro tunc order, the deputy ordered the permanent partial disability payments and corresponding interest payments accrued effective July 10, 1981. The deputy determined that July 10, 1981, represented the date on which a University of Iowa cardio-pulmonary specialist reported Dickenson was at least 50 percent disabled.

John Deere appealed the deputy's decision. On appeal, the industrial commissioner held that since Dickenson's action was a review-reopening in which a finding of industrial disability was required, permanent partial disability payments and interest thereon should accrue effective December 19, 1983, the date of the deputy's decision.

Dickenson petitioned for judicial review, asserting the commissioner's decision regarding accrual of interest payments was contrary to law and not supported by substantial evidence. The district court affirmed the decision of the industrial commissioner. The district court denied Dickenson's motion for a new trial. This appeal follows.

**I.**

Our scope of review in cases arising out of the Iowa Administrative Procedure Act is not de novo. Iowa Code § 17A.20 (1985), *Thomas v. William Knudson & Son, Inc.,* 349 N.W.2d 124, 125–26 (Iowa App.1984). Under § 17A.20 our duty is to correct errors of law. *Thomas,* 349 N.W.2d at 125. We review the decision of the district court, also rendered in an appellate capacity, to determine whether the district court applied the law correctly. *Id.; Doerfer Division of CCA v. Nichols,* 359 N.W.2d 428, 432 (Iowa 1984). We determine the issue of when interest payments should begin in a workers' compensation review-reopening case is a question of law.[1] As such, the industrial commissioner's determination is entitled to careful consideration, but nevertheless is still subject to review. Iowa Code § 17A.19(8) (1985); *Doerfer Division of CCA,* 359 N.W.2d at 432. Thus, remand is not necessary because the Court of Appeals can correct any error of law. *Dillinger v. City of Sioux City,* 368 N.W.2d 176, 182 (Iowa 1985).

**II.**

Iowa Code § 85.30 (1985) establishes a schedule for compensation and interest payments in workers' compensation cases:

> Compensation payments shall be made each week beginning on the eleventh day after injury, and each week thereafter during the period for which compensation is payable, and *if not when due, there shall be added* to the weekly compensation payments, *interest* at the rate provided in section 535.3 for court judgments and decrees. (emphasis added).

Iowa Code § 85.34(2) (1985) provides when permanent partial disability payments begin:

> Compensation for permanent partial disability shall begin at the termination of the healing period provided in subsection (1) of this section.

Under Iowa Code § 85.34(1) (1985), healing benefits terminate when one of three things happen:

1. The employee returns to work;

2. It is medically indicated that significant improvement from the injury is not anticipated; or

3. The employee is medically capable of returning to employment substantially similar to the employment the employee was engaged in at the time of injury.

On their face neither §§ 85.30 nor 85.34 distinguish between compensation payments due in arbitration and review-reopening proceedings. There are two major Iowa cases addressing workers' compensation interest payments, *Farmers Elevator Co. v. Manning,* 286 N.W.2d 174 (Iowa 1979), and *Bousfield v. Sisters of Mercy,* 249 Iowa 64, 86 N.W.2d 109 (1954).

In *Bousfield,* an injured employee was paid compensation based upon a settlement for a 20 percent partial disability. *Bousfield,* 204 Iowa at 65–66, 86 N.W.2d at 111–12. When the employee's condition unexpectedly deteriorated, she petitioned for a review-reopening to get additional benefits. *Id.* at 110–11. The industrial commissioner awarded an additional 20 weeks' compensation based on a finding of a 5 percent increased disability and granted interest from the date the original disability settlement was filed and approved by the industrial commissioner. *Id.* at 112–13. The supreme court reversed, holding:

> The date of maturity for the additional 20 weeks could not be determined until claimant had applied for same, or a determination made thereof. In this case interest can only be allowed from October

---

1. Our decision is limited to review-reopening cases.

5, 1955, when the commissioner found her entitled to the increased compensation.

*Id.,* at 114.

In *Farmers Elevator Co.,* the employer denied liability for the injured employee and the employee was awarded benefits after filing a petition in arbitration. *Farmers Elevator Co.,* 286 N.W.2d at 176. On appeal, the employer argued interest should commence, at the earliest, at the time of the district court's affirmance of the agency action. *Id.,* at 180. The court rejected the employer's argument as inconsistent with its construction of § 85.30.

> Section 85.30 expresses legislative intent that interest on unpaid compensation be computed from the date each payment comes due, starting with the eleventh day after the injury. To adopt the Elevator's method of computing interest on unpaid compensation would defeat the apparent purpose of section 85.-30, as well as jeopardize the goal of other sections which evidence legislative desire to secure compensation for injured employees and their dependents at the earliest time. E.g., § 86.20 (encouraging payment during investigation stage of disability claim). (citations omitted).

*Farmers Elevator Co.,* 286 N.W.2d at 180. There, the court held since the first compensation installment was due eleven days after the injuries occurred that interest therefore was payable on such installments and accrued from that same due date. *Id.*

John Deere contends *Bousfield,* a review-reopening proceeding, is controlling in the instant case, also a review reopening. John Deere asserts *Bousfield* stands for the proposition that in review reopenings interest should commence either when the claimant applied for additional benefits or when it is determined the claimant is entitled to additional benefits. John Deere further asserts *Farmers Elevator Co.,* granting interest effective 11 days after the injury occurs, does not control and is applicable only in arbitration proceedings.

Dickenson, on the other hand, contends *Farmers Elevator Co.,* although not direct-

ly overruling *Bousfield* by its words, nevertheless overrules *Bousfield* by its holding.

In *Farmers Elevator Co.,* the Iowa Supreme Court did not expressly limit its holding to arbitration proceedings. There is no language in *Farmers Elevator Co.* to indicate the court was drawing a distinction between claims for permanent partial disability based on petitions for arbitration proceedings and those for review-reopenings. In addition, neither § 85.30 nor § 85.34 make a distinction between compensation and interest payments in arbitration or in review reopening proceedings.

Furthermore, *Bousfield* was decided prior to the amending of both § 85.30 and Iowa Code § 535.3 (1985), governing interest in judgments and decrees. At the time *Bousfield* was decided, Iowa Code § 85.30 (1950) provided:

> Compensation payments shall be made each week beginning on the eleventh day after the injury, and each week thereafter during the period for which compensation is payable, and if not paid when due, there shall be added to such weekly compensation payments, interest at the rate of six percent from *date of maturity.*

*Bousfield,* 86 N.W.2d at 114 (emphasis added). Also, at that time Iowa Code § 535.3 (1950) did not provide when interest was to accrue. *See, Keen v. Mid-Continent Petroleum Corp.,* 63 F.Supp. 120, *aff'd* 157 F.2d 310 (S.D.Iowa 1946) (interest accrues from date of judgment); *Jacobson v. U.S. Gypsum Co.,* 150 Iowa 330, 130 N.W. 122 (1911) (interest accrues from date of verdict).

In 1980, § 535.3 was amended, moving up accrual of interest to the date of commencement of the action. In 1982, § 85.30 was also amended to allow interest on delinquent workers' compensation payments "at the rate provided in section 535.3" rather than at the date of maturity. The instant case was filed after the amendments to §§ 85.30 and 535.3 went into effect. Thus, we find *Bousfield* is not controlling in the instant case.

However, we do find authority in *Bousfield* to support our determination that Dickenson's interest payments begin the date he commenced this action for review-reopening. Although the court in *Bousfield* held the employee's interest payments could only be allowed from the date of the industrial commissioner's appeal decision, the court also stated that the "date of maturity" under then § 85.30 could be determined either when *"claimant had applied for same,* or a determination made thereof."* Thus, even *Bousfield* anticipates interest payments in workers' compensation review-reopenings may begin prior to the date of the industrial commissioner's appeal decision.

### III.

We must also look at the legislative intent in construing when interest payments begin in workers' compensation review-reopening proceedings. The primary purpose of workers' compensation laws are to benefit working persons and should be liberally construed in favored of injured employees. *Doerfer Division of CCA,* 359 N.W.2d at 432; *Thomas,* 349 N.W.2d at 126; *McSpadden v. Big Ben Coal Co.,* 288 N.W.2d 181, 188 (Iowa 1980).

In *Thomas,* the court followed the philosophy of law established in *Farmers Elevator Co.* in extending the employee's healing benefits in a review-reopening:

> In keeping with the humanitarian objectives of the workers' compensation statute, we apply it broadly and liberally. The legislation is primarily for the benefit of the worker and the worker's dependents. *Its beneficial purpose is not to be defeated by reading something into it which is not there, or by a strained and narrow construction.*

*Thomas,* 349 N.W.2d at 126 (emphasis added).

Interest payments under the workers' compensation statute serve a specific purpose. Interest payments encourage fast resolution of claims so injured employees are compensated at the earliest possible time. *Farmers Elevator Co.,* 286 N.W.2d

at 186. The need for incentive to pay compensation when due is particularly acute in view of the delays which sometimes regrettably occur between the time of an employees injury and final resolution of the claim. *Id.* Delays in workers' compensation payments are critical because often the injured employee has no other source of income after being injured. Unreasonable or unnecessary delays in compensation benefits deny employees necessary means of support when they can least afford it and are least able to take any action to remedy the situation. The acceleration of interest payments under the workers' compensation statute serves to deter costly employer delinquency in making compensation payments. As such, it would defeat the legislative intent and incentives built into § 85.-30 to adopt John Deere's argument that interest should begin only on November 15, 1984, the date of the appeal decision by the industrial commissioner.

In the instant case, however, John Deere paid the nine days healing period benefits (temporary total disability) when it was due and without delay. At the time John Deere paid the healing period benefits, the nine days constituted all the compensation which John Deere owed to Dickenson. Therefore, at the time Dickenson filed his petition for review-reopening John Deere was current in its workers' compensation payments and owed nothing to Dickenson. John Deere needed no incentive to make prompt payment of compensation to Dickenson. As such, following Dickenson's argument in the instant case that interest should begin at the termination of the healing period would not further the legislative intent of § 85.30 of the workers' compensation statute.

At the same time, adopting John Deere's position on accrual of interest payments would punish workers' compensation claimants. Section 535.3, amended in 1980, provides that interest in all money judgments and decrees accrues from *commencement* of the action. Dickenson filed his petition for review-reopening on August 19, 1982, after the § 535.3 amendments became ef-

fective. To limit Dickenson's interest payments to the date of the industrial commissioner's appeal decision would unfairly deny him the interest payments which non-workers' compensation plaintiffs receive on money judgments and decrees.

Furthermore, delaying interest payments in review-reopening proceedings to the date John Deere suggests would be fundamentally unfair to workers' compensation claimants. An injured worker's exclusive remedy against an employer for job-related injuries is the workers' compensation statute. *Caylor v. Employers Mutual Casualty Co.,* 337 N.W.2d 890, 893 (Iowa App. 1983); *Thompson v. Bohlken,* 312 N.W.2d 501, 504 (Iowa 1981). Under the workers' compensation statute workers have traded the right to proceed against their employers in return for a statutory scheme providing limited but quick compensation. *Caylor,* 337 N.W.2d at 893. Employees cannot elect instead to proceed under general tort theories if interest payments are delayed. Thus, delaying interest payments would place workers' compensation claimants at an irreconcilable disadvantage and would violate the legislative intent of quick resolution of workers' compensation claims.

We find the better rule in review-reopening proceedings is to begin interest payments on the date the claimant files the petition for review-reopening. This date would bring the workers' compensation review-reopening in line with amended § 535.3. In addition, we find beginning interest payments at commencement of the review-reopening provides adequate incentives for employers to resolve the review-reopening quickly without unfairly punishing employers who have been prompt in making payments in arbitration proceedings. The duty of workers' compensation claimants to file their petitions for review-reopening in order to start interest accruing is a minimal duty to place on claimants and does not distract from the legislative intent of the workers' compensation statute.

Therefore, we modify the district court's affirmance of the industrial commissioner's

appeal decision and hold that Dickenson's interest payments begin on August 19, 1982, the date on which he filed a petition for review-reopening.

AFFIRMED AS MODIFIED.