OSCAR MAYER FOODS
CORPORATION,
Appellee,

v.

Dennis WUEBKER, Appellant.

No. 89–510.

Court of Appeals of Iowa.

March 27, 1990.

Tom L. Drew of Lawyer, Lawyer, Dutton & Drake, West Des Moines, for respondent-appellant.

Harry W. Dahl, Des Moines, for petitioner-appellee.

Heard by OXBERGER, C.J., and DONIELSON and HABHAB, JJ.

DONIELSON, Judge.

Respondent Dennis Wuebker is employed by petitioner Oscar Mayer Foods Corp. as a packing-house laborer. He injured his left knee in November 1979. If Wuebker had consented to reconstructive surgery he was expected to have a permanent partial disability of 10%. Wuebker did not have the surgery and agreed to accept benefits equivalent to a 7.5% permanent partial disability due to the loss of strength and stability in the knee.

In January 1983 Wuebker reinjured his left knee while performing his job. At this time he did have reconstructive surgery. This injury further weakened his knee and restricted his range of motion so that he then had a 23% permanent partial impairment. When Wuebker returned to work he was given a job of removing hog eyelids and eardrums. This job also involved pushing heavy hog carcasses. In May 1984 he experienced pain in his neck. A physician determined he had a herniated disc which required surgery. He returned to work in November 1984.

Wuebker filed a claim for workers' compensation benefits. A Deputy Industrial Commissioner determined he was entitled to permanent partial disability benefits for the reinjury to his knee, but only temporary disability benefits for the injury to his neck because he did not suffer a loss of earnings due to that injury. Wuebker and Oscar Mayer both appealed to the Industrial Commissioner. The Commissioner determined Wuebker had 15.5% permanent impairment to his knee. The Commissioner also awarded Wuebker 10% industrial disability because of his neck injury.

Oscar Mayer filed a petition for judicial review. The district court reduced the award for the knee injury. The court determined the proper amount would be 13% permanent impairment. The court also concluded the rating of 10% industrial disability for the neck injury was not supported by substantial evidence because there was no evidence Wuebker had lost any earning capacity.

Wuebker appeals the decision of the district court. He asserts the Commissioner's decision concerning the 15.5% rating for his knee injury was supported by substantial evidence. He also argues that the Commissioner's decision concerning his neck injury was supported by substantial evidence.

In the appendix Wuebker included a motion for leave to amend the appendix. He asked that the appendix include a first report of injury concerning his neck injury which he had inadvertently left out of the original agreement concerning the appendix. Oscar Mayer resists the motion. By an order of September 6, 1989, Justice Snell ordered this question to be submitted with the appeal, and this court denies Wuebker's motion pursuant to the provisions of Iowa Code section 86.11.

I. *Scope of Review.* Our scope of review in this agency proceeding is governed by the principles summarized in *Doerfer Division of CCA v. Nicol,* 359 N.W.2d 428, 432 (Iowa 1984):

> A review of the industrial commissioner's decision is governed by Iowa Code section 17A.19. The scope of review is not de novo. The commissioner's findings have the effect of a jury verdict. Those findings are applied broadly and liberally to uphold rather than defeat the commissioner's decision; they are binding on appeal unless a contrary result is demanded as a matter of law. The commis-

sioner's determination of a law question is entitled to careful consideration but nonetheless is subject to review.... We review the district court's appeal decision for errors of law. In this pursuit we reapply the section 17A.19(8) standards to the agency action to determine whether our conclusions are the same as those of the district court.

(Citations omitted.)

We are bound by the Industrial Commissioner's fact findings if they are supported by substantial evidence in the record made before the agency. *Thomas v. William Knudson & Son Inc.*, 349 N.W.2d 124, 126 (Iowa App.1984). Evidence is "substantial" if a reasonable person would find it adequate for reaching a decision. *Peoples Memorial Hospital v. Iowa Civil Rights Comm'n*, 322 N.W.2d 87, 91 (Iowa 1982).

II. *Knee Injury.* It is clear Wuebker's injury to his knee on January 4, 1983, was sustained in the course of his employment and aggravated a preexisting condition caused by an earlier work-related injury in 1979. At issue is what degree of permanent partial disability should be assigned to the leg. After reconstructive surgery, the impairment of the left knee, based on a loss of range of motion, was rated at 23%. The Industrial Commissioner reduced this rating by 7.5%, the amount of impairment agreed to by the parties in their 1979 memorandum of agreement.

From our review of the record, it is apparent substantial evidence supports this determination. The district court should not have reversed the Commissioner's decision in this regard.

III. *Neck Injury.* The Industrial Commissioner concluded Wuebker's neck injury was caused by his employment and resulted in a 10% permanent partial disability of the body as a whole. The Industrial Commissioner considered the medical evidence regarding Wuebker's 5% functional impairment and other relevant factors which affect a finding of industrial disability. *See generally, Guyton v. Irving Jensen Co.*, 373 N.W.2d 101, 103 (Iowa 1985

(factors to be considered in gauging industrial disability). Substantial evidence supported the Commissioner's finding that Wuebker's neck injury resulted from his work activity and he has sustained an industrial disability of 10% of the body as a whole.

REVERSED.