**James E. BABE, Appellant,**

v.

**GREYHOUND LINES, INC., Appellee.**

No. 89–113.

Court of Appeals of Iowa.

March 27, 1990.

Joe Cosgrove of Yaneff & Cosgrove, Sioux City, for petitioner-appellant.

Roger L. Carter of Klass, Hanks, Stoos, Carter & Villone, Sioux City, for respondent-appellee.

Considered by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

DONIELSON, Presiding Judge.

Petitioner James E. Babe was employed as a ticket and baggage agent for respondent Greyhound Lines, Inc. His job required him to lift freight and baggage. Babe first injured his back in January 1979. This injury was incurred while Babe was lifting at work. He was diagnosed as suffering from a lumbar strain, and he was off work for approximately nine days.

In October of 1979, Babe was again off work for five weeks due to back pain following a lifting incident at work. Babe had further back pain in November 1980 following another lifting incident at work, but he missed no work as a result of that incident.

In June 1982, Babe again experienced back pain after lifting at work. He was off work for eight days as a result. Babe experienced back pain after lifting at work on October 26, 1983. Babe was off work

for approximately five weeks following that incident. Babe made claims for worker's compensation benefits after each work-related incident.

The record reveals Babe slipped and sustained a back injury in his home in November 1982. Babe testified actions such as lifting his children could cause his back to hurt.

Babe's employment was terminated November 30, 1984, when his employer ended its operations in Sioux City. Babe informed his doctor in the spring of 1985 that he developed pain in his back after chopping firewood. A CT scan was performed in December 1985 and his doctor concluded he had a herniated disc and had sustained a five percent total body disability.

Babe brought an action for arbitration/review-reopening seeking permanent partial disability benefits. This action was based on his injuries arising out of the incidents on June 11, 1982, and October 26, 1983. After an administrative hearing, a Deputy Industrial Commissioner found Babe suffered a cumulative injury and this injury caused a significant permanent partial impairment. The deputy awarded Babe permanent partial disability benefits based on a finding of 30% industrial disability.

Greyhound appealed to the Industrial Commissioner. The Commissioner modified the deputy's decision. The Commissioner concluded the cumulative injury rule was not applicable in this action. The Commissioner found the subsequent injuries were an aggravation of a preexisting condition. The Commissioner determined Babe's back injury did not materially change after 1979 and Babe had not proven a "material" aggravation of a preexisting condition. The Commissioner did not award Babe any permanent benefits, but awarded him temporary total disability benefits for the 1982 and 1983 injuries. Babe filed a petition for judicial review. The district court affirmed the commissioner.

Babe appeals the decision of the district court. He argues the Commissioner should have applied the cumulative injury rule. He states the rule should apply even though the injuries he suffered were significant and readily identifiable. Babe also contends there was not substantial evidence to support a finding that his injuries in 1982 and 1983 were not material aggravations of his condition.[1]

I. *Scope of Review.* Our scope of review in this agency proceeding is governed by the principles summarized in *Doerfer Div. of CCA v. Nicol,* 359 N.W.2d 428, 432 (Iowa 1984):

A review of the industrial commissioner's decision is governed by Iowa Code section 17A.19. The scope of review is not de novo. The commissioner's findings have the effect of a jury verdict. Those findings are applied broadly and liberally to uphold rather than defeat the commissioner's decision; they are binding on appeal unless a contrary result is demanded as a matter of law. The commissioner's determination of a law question is entitled to careful consideration but nonetheless is subject to review.... We review the district court's appeal decision for errors of law. In this pursuit we reapply the section 17A.19(8) standards to the agency action to determine whether our conclusions are the same as those of the district court.

(Citations omitted.)

We are bound by the Industrial Commissioner's fact findings if they are supported by substantial evidence in the record made before the agency. *Thomas v. William Knudson & Son Inc.,* 349 N.W.2d 124, 126 (Iowa App.1984). Evidence is "substantial" if a reasonable person would find it adequate for reaching a decision. *Peoples Memorial Hosp. v. Iowa Civil Rights Comm'n,* 322 N.W.2d 87, 91 (Iowa 1982).

■ II. *Cumulative Injury Rule.* Babe challenges the Commissioner's refus-

---

1. Babe makes a third argument challenging any finding that his disability resulted from a single event rather than from repeated traumas. In his brief, Babe concedes he makes this argument only because of the district court's "inter-

pretation" of the Commissioner's findings. As we conclude the Commissioner never made such a finding, nor is such a finding necessary to affirm the district court's decision, we decline to address this argument.

al to apply the cumulative injury rule to this case. Our supreme court adopted the rule in 1985 in *McKeever Custom Cabinets v. Smith*, 379 N.W.2d 368, 374 (Iowa 1985). The cumulative injury rule applies when a disability caused by work activity develops gradually over a period of time. *Id.* at 373. *See also Croft v. John Morrell & Company*, 451 N.W.2d 501, 503 (Iowa App.1989) (cumulative injury rule involves disability which can be gradual and progressive in nature).

The Commissioner declined to apply the rule in this matter because the injuries sustained by Babe were distinct, identifiable traumatic injuries. The disability at issue in *McKeever* was aseptic necrosis— the death of the large bone in the wrist. *McKeever*, 379 N.W.2d at 370. It involved a gradual deterioration of the employee's wrist. Unlike the separate and distinct incidents of back strain sustained by Babe, *McKeever's* condition developed gradually and resulted from hammering and the repeated use of power tools.

The cumulative injury rule was adopted as a narrow exception to the potentially-harsh effects of the statute of limitations in cases where a claimant's disability develops in a subtle, gradual fashion. *See McKeever*, 379 N.W.2d at 374 (limitation period does not run until pain or physical inability prevents employee from working).

We concur in the Commissioner's interpretation of the cumulative injury rule. Given the separate and distinct nature of Babe's incidents of back pain, we find substantial evidence supports the Commissioner's conclusion that Babe's condition was not the result of cumulative injury.

III. *Preexisting Condition.* Babe also challenges the Commissioner's conclusion that he did not prove the June 11, 1982, and October 26, 1983, incidents materially aggravated a preexisting condition. The record reveals Babe testified there really was not any difference between his condition in 1979 and in 1982 and 1983. Furthermore, the Commissioner found two back injuries sustained at home by Babe were "at least as likely" to have caused his back condition as the work incidents in 1982 and 1983.

The presence of two non-work-related injuries and Babe's statements regarding his essentially-unchanged condition, support the Commissioner's decision in declining to find a material aggravation.

Substantial evidence supports the Commissioner's finding that Babe failed to prove either a cumulative injury or a material aggravation of a preexisting injury on June 11, 1982, or October 26, 1983. The decision denying benefits for permanent partial disability is affirmed.

AFFIRMED.